IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSICA SMITH, CORY SMITH,
MONICA CONTRERAS, and
RUDY A. CONTRERAS,

    Plaintiffs,

v.                    No. 21-cv-1084 MV/SMV

ALAMOGORDO POLICE DEPARTMENT,

    Defendant.

**MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
TO DISMISS FOR FAILURE TO STATE A CLAIM**

THIS MATTER is before me on Defendant's Motion to Dismiss the Complaint for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed November 15, 2021. [Doc. 4]. On March 9, 2022, the Honorable Martha Vázquez, Senior United States District Judge, referred this matter to me for analysis and a recommended disposition. [Doc. 13]. For several reasons, I find that the Complaint does not state a claim for relief. First, the Complaint does not specify which constitutional rights were violated or state sufficient factual bases to support constitutional or tort claims. Second, the Alamogordo Police Department is not a proper party defendant under 42 U.S.C. § 1983.[1] Third, to the extent Plaintiffs seek to assert constitutional claims on behalf of Donovan Contreras, who is deceased, Plaintiffs lack standing. Finally, to the extent Plaintiffs allege tort claims, such claims appear to be barred by the New Mexico Tort Claims

---

[1] Although Plaintiffs do not reference 42 U.S.C. § 1983, the Court construes the complaint liberally to include claims asserted pursuant to § 1983 because Plaintiffs allege "violation[s] of . . . constitutional and civil rights." [Doc 1-2].

Act's (the "NMTCA's")[2] two-year statute of limitations. Accordingly, I recommend that the Motion to Dismiss be granted, and the Complaint dismissed. However, I recommend that Plaintiffs be granted leave to file an amended Complaint.

## BACKGROUND

Plaintiff Rudy Contreras filed the original complaint in the Twelfth Judicial District Court for the State of New Mexico on October 6, 2021. [Doc. 1-1]. He filed an amended Complaint two days later, joined by Plaintiffs Jessica Smith, Cory Smith, and Monica Contreras. [Doc. 1-2]. I consider both the original and amended complaint and refer to them collectively as the "Complaint." Defendant removed the matter to this Court on November 8, 2021. [Doc. 1].

It appears that Plaintiffs intend to bring claims connected to Rudy Contreras's deceased grandson, Donovan Contreras ("Donovan"). It is unclear what relationship, if any, the other Plaintiffs had with Donovan. In addition, it is not clear from the Complaint whether Plaintiffs are asserting claims on behalf of Donovan or on their own behalf. [Docs. 1-1; 1-2]. Moreover, the Complaint does not identify the constitutional rights allegedly violated and whether those rights arise from the United States or New Mexico Constitutions, or the duties that were allegedly intentionally or negligently breached. *Id*.

In the Complaint, Plaintiffs assert that Detective Chavez, "in violation of the constitutional and civil rights against [Mr.] Contreras[,] . . . illegal[ly] and wrongful[ly]" arrested Donovan on November 20, 2018. Plaintiffs further state that Chavez took "illegal actions . . . with wrongful charges to obtain a grand jury indictment" against Donovan on March 19, 2019. [Docs. 1-1; 1-2]. They also allege that Detective Brown failed "to conduct in good faith a proper, thorough,

---

[2] N.M. Stat. Ann. §§ 41-4-1 to -27.

impartial, unbiased and complete investigation into the wrongful death of Donovan Contreras . . . on July 12, 2019, in Alamogordo, New Mexico." [Doc. 1-2]. Thus, the factual statements in the Complaint allege that (1) Donovan was Plaintiff Rudy Contreras's grandson; (2) Chavez arrested Donovan on November 20, 2018; (3) a grand jury indicted Donovan on March 19, 2019; (4) Chavez did something with respect to the charges presented to the grand jury; and (5) Donovan died on July 12, 2019, in Alamogordo, New Mexico. [Docs. 1-1; 1-2]. Plaintiffs' allegations about Brown's investigation could be interpreted to allege either that Brown failed to conduct an investigation, or that his investigation was intentionally or negligently unfair and incomplete. [Doc. 1-2]. Plaintiffs seek "unspecified damages," interest, and court costs, as well as Donovan's personal belongings, allegedly still in Defendant's possession. *Id*.

Defendant moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). [Doc. 4]. Defendant argues that the Complaint must be dismissed because it does not include sufficient facts or specify how the alleged conduct violated any constitutional right. *Id*. at 3–5. Defendant also maintains that it is entitled to a dismissal with prejudice because it is not a "person" subject to suit under § 1983. *Id*. at 6–7. Finally, Defendant argues that, even if the City of Alamogordo were substituted as the proper defendant, dismissal would still be warranted because the Complaint does not state a claim for municipal liability. *Id*. at 7–8.

In their response, Plaintiffs merely state that Defendant's motion should be denied "because the claims attacked on Plaintiffs['] Complaint do sufficiently allege claims for relief." [Doc. 8]. Plaintiffs did not file an amended complaint within 21 days of Defendant's Motion, nor have they sought leave of court to amend the Complaint. *See* Fed. R. Civ. P. 15(a)(1)(B), 15(a)(2).

## STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In sum, "a Rule 12(b)(6) motion tests the sufficiency of the [factual] allegations within the four corners of the complaint after taking those allegations as true[,]" *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994), and "constru[ing] them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (quoting *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1118 (10th Cir. 1997)).

To state a claim on which relief can be granted under § 1983, a plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [state law]." *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002) (quoting 1A MARTIN A. SCHWARTZ, SECTION 1983 LITIGATION: CLAIMS AND DEFENSES § 1.4, at 12 (3d ed. 1997)). In other words, a § 1983 complaint must assert that defendants violated a particular law or constitutional provision, and it must allege sufficient facts to support that legal argument. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) ("The first inquiry in any § 1983 suit" is "to isolate the precise

constitutional violation with which [the defendant] is charged." (quoting *Baker v. McCollan*, 443 U.S. 137, 140 (1979)).

These standards apply to complaints both by counsel and by self-represented parties. Allegations in complaints by self-represented parties should be liberally construed, but "the court should not assume the role of advocate . . . ." *Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). If defects in the complaint are found, "pro se litigants are to be given reasonable opportunity to remedy" such defects. *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). Hence, "[d]ismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give [the plaintiff] an opportunity to amend." *Curley v. Perry,* 246 F.3d 1278, 1281 (10th Cir. 2001).

## ANALYSIS

I find that Plaintiffs' Complaint fails to state a claim for relief for the following reasons. First, the Complaint does not allow the Court "to draw the reasonable inference" that Defendant, Chavez, or Brown violated any constitutional rights or injured Donovan or Plaintiffs. *Iqbal*, 556 U.S. at 678. Plaintiffs' characterization of the Detectives' conduct as "illegal" or "wrongful" is not sufficient to show that Plaintiffs' legal claims are plausible. *Id*. For example, the Complaint states that Chavez "illegal[ly] and wrongful[ly]" arrested Donovan. [Doc. 1-2]. This statement is conclusory because it does not provide facts showing *how* the arrest was wrongful, or how Donovan or Plaintiffs were injured by the arrest. *Cf. Martinez v. Lujan*, No. CV 10-0652 JCH/WDS, 2011 WL 13284668, at *6 (D.N.M. July 11, 2011) (unpublished) ("To recover damages under . . . § 1983 for wrongful arrest, a plaintiff must show he was arrested without probable cause."). The assertion that Chavez acted illegally with respect to the grand jury does not

state a claim because it does not specify what she did, when she did it, whether Donovan was convicted or confined because of her conduct, or what specific right or law she violated. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . ." *Hall*, 935 F.2d at 1110.

To reiterate, the factual averments in the Complaint state only that (1) Chavez arrested Donovan on November 20, 2018; (2) a grand jury indicted Donovan on March 19, 2019; (3) Chavez did something with respect to the charges presented to the grand jury; and (4) Donovan died on July 12, 2019, in Alamogordo, New Mexico. Without more, these facts do not show specific constitutional violations or tort claims because they do not show what Defendant or Chavez did in relation to the arrest or grand jury, how those actions were unlawful, how Donovan died, what Brown did or failed to do in investigating Donovan's death, whether and how Defendant played a role in any of these events, or how Plaintiffs were harmed by the alleged conduct. As drafted, the Complaint is subject to dismissal under Rule 12(b)(6).

Second, as a department of the City of Alamogordo (the "City"), the Alamogordo Police Department is not a separate suable entity and, therefore, is not a "person" subject to suit under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (stating that § 1983 claims against a police department were properly dismissed with prejudice because the police department was not "separate suable entity") *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986); § 1983 (providing for suit against a "person"). Hence, Plaintiffs' § 1983 claims against Defendant must be dismissed with prejudice.

Even if the Complaint were construed as being against the City, it would still fail to state a claim because "[a] municipality cannot be held liable for its officers' actions under § 1983 unless those actions were caused by a *policy or custom* of the municipality." *Novitsky v. City of Aurora*, 491 F.3d 1244, 1259 (10th Cir. 2007) (emphasis added). The Complaint does not allege, with supporting facts, that the City's policies or customs led to any constitutional violations by Chavez or Brown. *See Castillo v. Las Cruces Police Dep't*, No. CV 14-0407 MV/KK, 2015 WL 13662577, at *2 (D.N.M. June 17, 2015) (construing the plaintiff's claims as against a municipality instead of the named police department and dismissing the claims because the plaintiff did not allege that the city had a "policy or custom of violating citizens' constitutional rights"); *Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1239 (10th Cir. 2020) (stating the requirements for a § 1983 claim against a municipality). Although a § 1983 claim for damages may be brought against persons acting in their individual capacities, the Complaint does not name Chavez or Brown as defendants. *See Brown v. Montoya*, 662 F.3d 1152, 1161 (10th Cir. 2011) (stating that plaintiffs seeking money damages may sue persons in their individual capacity); *Brown v. City of Las Cruces Police Dep't*, 347 F. Supp. 3d 792, 806 (D.N.M. 2018) ("[Individual]-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law . . . ." (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))).

Third, "when suing to invoke the constitutional rights of a deceased person under [§] 1983, the proper federal remedy "should be a survival action, *brought by the estate of the deceased victim*, in accord with § 1983's express statement that the liability is 'to the party injured.'" *Paugh v. Uintah Cnty.*, No. 217CV01249JNPCMR, 2020 WL 4597062, at *17 (D. Utah Aug. 11, 2020) (quoting *Berry v. City of Muskogee*, 900 F.2d 1489, 1506–07 (10th Cir. 1990); § 1983. Such a rule

follows the "well-settled principle that a [§] 1983 claim must be based on the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990); *Jones v. Garland*, No. 20-6189, 2021 WL 4520044, at *2 (10th Cir. Oct. 4, 2021) (holding that the district court properly dismissed under Rule 12(b)(6) a mother's claims based on alleged violations of her son's constitutional rights for lack of prudential standing). Thus, the proper party to bring a claim based on injuries, constitutional or otherwise, to Donovan would be the duly appointed personal representative of his estate.

The Complaint does not identify any of the Plaintiffs as personal representative of Donovan's estate. Hence, to the extent Plaintiffs seek to bring claims[3] on Donovan's behalf, those claims must be dismissed unless one of the Plaintiffs, duly appointed as personal representative of his estate, asserts such claims in an amended complaint. *See Est. of Devilbiss by & through Devilbiss v. Meade Cnty., Kansas Bd. of Cnty. Comm'rs*, No. 19-2490-JWB, 2021 WL 1172026, at *5 (D. Kan. Mar. 29, 2021) (stating that the § 1983 claims brought by decedent's family members on their own behalf must be dismissed unless asserted on behalf of the decedent's estate in an amended complaint).

Finally, to the extent Plaintiffs assert tort claims, it appears that those claims are barred by the two-year statute of limitations in the NMTCA. *See* N.M. Stat. Ann. § 41-4-15 (West 1977) ("Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death . . . ."). The original complaint was filed in state district court on October 6, 2021,

---

[3] The Court assumes that Plaintiffs' claims are legally valid for purposes of analyzing prudential standing. *Hill v. Warsewa*, 947 F.3d 1305, 1308 (10th Cir. 2020).

more than two years after Donovan's death on July 12, 2019, and nearly three years after his arrest. The Complaint does not state any facts suggesting that the two-year limitations period was tolled. *See Maestas v. Zager*, 2007-NMSC-003, ¶ 26, 141 N.M. 154, 152 P.3d 141 (stating that the NMTCA statute of limitations period begins when the plaintiff "discovered his or her injury and the cause of that injury"); *Jaramillo v. Bd. of Regents of Univ. of N.M. Health & Scis. Ctr.*, 2001-NMCA-024, ¶ 10, 130 N.M. 256, 23 P.3d 931 (holding that the NMTCA statute of limitations may be tolled for minor plaintiffs under certain circumstances).

I recommend that the Motion be granted, and the Complaint dismissed. However, I recommend that Plaintiffs be permitted to file an amended complaint. If Plaintiffs choose to do so, the amended complaint "must explain what each defendant did to [Plaintiffs or Donovan]; when the defendant did it; how the defendant's action harmed [Plaintiffs or Donovan]; and[] what specific legal right [Plaintiffs] believe[] the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

If Plaintiffs wish to bring claims on behalf of Donovan, the amended complaint should address whether Plaintiffs have standing to bring those claims. Finally, if Plaintiffs wish to bring tort claims against a governmental entity or public employee, the amended complaint should allege facts showing that the claims are not barred by the NMTCA statute of limitations.

## CONCLUSION

I find that the Complaint does not allege sufficient facts tied to specific causes of action to show a violation of constitutional rights or tort claims. In addition, the Alamogordo Police Department is not a "person" subject to suit for constitutional claims under § 1983. To the extent Plaintiffs bring constitutional claims on Donovan's behalf, those claims must be dismissed because

Plaintiffs do not have standing to bring them. Finally, to the extent they are asserted in the Complaint, Plaintiffs' tort claims appear to be barred by the NMTCA statute of limitations. The Complaint, therefore, does not state a claim for relief. However, I recommend that Plaintiffs have an opportunity to amend the Complaint to address the issues stated above, in accordance with Federal Rule of Civil Procedure 8.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendant's Motion to Dismiss [Doc. 4] be **GRANTED** and the Complaint **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs be permitted to **AMEND** the Complaint to address the issues stated above, in accordance with Federal Rule of Civil Procedure 8.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**