IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JESSICA SMITH, CORY SMITH,**
**MONICA CONTRERAS, and**
**RUDY A. CONTRERAS,**

 **Plaintiffs,**

v.                    **No. 21-cv-1084 MV/SMV**

**ALAMOGORDO POLICE DEPARTMENT and**
**CITY OF ALAMOGORDO,**

 **Defendants.**[1]

### MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND GRANTING DEFENDANT CITY'S MOTION TO DISMISS

THIS MATTER is before the Court on Plaintiffs' Objections [Docs. 28, 29] to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD") [Doc. 27]. The Magistrate Judge recommended granting the City of Alamogordo's[2] Motion to Dismiss Plaintiffs' Amended Complaint for failure to state a claim and recommended denying further amendment as futile. *See* [Doc. 27]. Having conducted a *de novo* review of the portions of the PF&RD to which Plaintiffs properly objected, this Court overrules Plaintiff's Objections and adopts the PF&RD.

---

[1] Plaintiffs originally named only the Alamogordo Police Department as defendant. [Doc. 1-1]. Plaintiffs subsequently named the City of Alamogordo as a defendant in their May 11, 2022 Amended Complaint, which supersedes the original Complaint as the controlling pleading. [Doc. 15].

[2] The Court will refer to the proper defendant, the City of Alamogordo, as "Defendant." Plaintiffs originally sued the Alamogordo Police Department, which is not amenable to suit because it is not a separate entity from the City of Alamogordo. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985); *see also* [Doc. 4] at 6-7 (collecting cases regarding police departments as non-suable entities). This distinction, however, has no bearing on the substantive analysis of Plaintiffs' claims.

The state law tort claims are barred by the statute of limitations, and the § 1983 claims do not survive Donovan Contreras's death.  Further amendment cannot help Plaintiffs.  Dismissal with prejudice is necessary.

## BACKGROUND

Plaintiff Rudy Contreras filed the original Complaint against the Alamogordo Police Department in the Twelfth Judicial District Court for the State of New Mexico on October 6, 2021. [Doc. 1-1]. He then filed an amended Complaint two days later, joined by Plaintiffs Jessica Smith, Cory Smith, and Monica Contreras. [Doc. 1-2]. Alamogordo Police Department removed the matter to this Court on November 8, 2021 and filed the first Motion to Dismiss on November 15, 2021. [Docs. 1, 4]. On April 28, 2022, The Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended that the Complaint be dismissed for failure to state a claim, but that Plaintiffs be allowed to amend. [Doc. 14]. Shortly thereafter, Plaintiffs filed the instant amended Complaint ("Amended Complaint"), adding the City of Alamogordo ("Defendant") as the proper defendant. [Doc. 15]. Defendant filed a second Motion to Dismiss on June 3, 2022. [Doc. 17]. The Court adopted Judge Vidmar's Proposed Findings and Recommended Disposition and found the first Motion to Dismiss moot due to Plaintiffs' Amended Complaint. [Doc 19].

Plaintiffs filed their Amended Complaint, the operative complaint in this matter, on May 11, 2022. *See* [Doc. 15].  In the Amended Complaint, Plaintiffs assert various claims under the New Mexico and Federal Constitutions against Detective Diana Chavez and Raymond Brown as employees of Defendant (though not as named defendants). *See* [Doc. 15] at 14−19, 35−39. Plaintiffs seek damages against Defendant for alleged constitutional violations, which they claim

2

caused the wrongful death of Donovan Contreras ("Mr. Contreras"), Plaintiff Rudy Contreras's grandson and Plaintiff Jessica Smith's son. *Id.* at 2.

On October 6, 2022, the Court referred the case to Judge Vidmar, pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3), and Rule 72(b) of the Federal Rules of Civil Procedure. [Doc. 26]. In the PF&RD, Judge Vidmar recommended granting Defendant's Motion to Dismiss and finding that any further amendment would be futile. [Doc. 27]. Plaintiffs filed Objections to the PF&RD on November 22, 2022 and Amended Objections the following day. [Docs. 28, 29]. Upon conducting a *de novo* review, the Court finds Plaintiffs' Objections to be without merit and adopts Judge Vidmar's recommendations.

## THE PF&RD

The Court will summarize the PF&RD in relevant part. The allegations against Det. Chavez stem from her investigations of Mr. Contreras for possession of a controlled substance. [Doc. 27] at 3−4. In November 2018, Det. Chavez arrested and charged Mr. Contreras with possession of cocaine. *Id.* at 3. He was held in custody for almost two months. *Id.* A magistrate judge eventually found no probable cause, and the case was dismissed. *Id.* In February 2019, Mr. Contreras received a grand jury target letter again concerning the cocaine possession charge. *Id.* at 4. Mr. Contreras rejected a plea deal on June 17, 2019, and the district court continued his trial on July 8, 2019. *Id.*; [Doc. 15] at 10. Mr. Contreras died from a gunshot wound to the head on July 12, 2019, while awaiting trial. [Doc. 27] at 4. The Office of the Medical Investigator and Defendant's employee Raymond Brown ruled the death a suicide. *Id.* at 4–5. However, Plaintiffs contend that it was a homicide and allege some type of cover-up. *Id.* Based on these allegations, Plaintiffs asserted 16

3

claims against Chavez and 14 claims against Brown arising under both state and federal constitutions.[3] *Id* at 4-5.

From the facts alleged, Judge Vidmar construed Plaintiffs' enumerated New Mexico Tort Claims Act ("NMTCA") claims as false imprisonment, malicious abuse of process, and failure to comply with statutory or legal duties.[4] *Id.* at 10. He found that each NMTCA claim was time-barred under the two-year statute of limitations. *Id.* at 10–14. He declined to extend fraudulent concealment to a novel context[5] here, while opining that any discrepancies in the police reports, which Plaintiffs believe show fraudulent concealment, would not meet the high threshold required to show fraudulent concealment. *Id.* at 14–15. He therefore recommended that Plaintiffs' NMTCA claims be dismissed as untimely.

Judge Vidmar also found that all of Plaintiffs' § 1983 claims should be dismissed because they cannot be brought after Mr. Contreras's death. *Id.* at 19. He based his finding on the Tenth Circuit's decision in *Oliveros v. Mitchell,* 449 F.3d 1091, 1092 (10th Cir. 2006). In that case, police officers shot a man during his arrest. [Doc. 27] at 16 (internal citation omitted). The man died a few months later in a swimming accident unrelated to the shooting. *Id.* The Tenth Circuit held that the man's personal representative could not sue the police officers for constitutional violations or state law assault and battery stemming from the shooting because the man's death was not related

---

[3] Judge Vidmar found that Plaintiffs had waived certain conclusory, unsupported claims which he deemed not actionable. [Doc. 27] at 10 n.5. Plaintiffs did not object to this finding. The Court agrees with Judge Vidmar.
[4] Judge Vidmar categorized Plaintiffs' claims of evidence tampering, perjury, and falsification of records as falling under the residuary portion of § 41-4-12, which waives immunity for "any other deprivation of any rights, privileges, or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting in the scope of their duties." *Id.* at 10; *see* N.M. Stat. § 41-4-12 (1978). Plaintiffs did not object to this finding. The Court agrees with Judge Vidmar.
[5] The PF&RD notes that New Mexico courts have only applied fraudulent concealment in medical malpractice cases against public healthcare providers. *Id.* at 14.

to the shooting. *Id.* The Tenth Circuit based its holding on New Mexico's survival statute, which does not preserve intentional tort claims when the plaintiff dies. *Id.*; *see* N.M. Stat. § 37-2-1 (1978). The court also analogized the alleged constitutional violations arising from the officers' purposeful conduct to intentional tort claims. [Doc. 27] at 17 (internal citation omitted). Therefore, the Tenth Circuit found that, like intentional tort claims, the § 1983 claims do not survive a person's death when the death is unrelated to the alleged violation. Thus, the personal representative cannot later bring those § 1983 claims on the person's behalf. *Id.*

Judge Vidmar also analyzed a more recent case applying the *Oliveros* rule, *Cordero v. Froats. Id.* at 17–18 (citing *Cordero v. Froats*, No. CV 13-031 JCH/GBW, 2016 WL 7426575, at *1 (D.N.M. May 20, 2016)). In *Cordero*, police officers shot and killed a man after he fled from a stop. [Doc. 27] at 17 (internal citation omitted). The decedent's personal representative sued under § 1983 for excessive force causing death and under NMTCA for gross negligence in use of force. *Id.* at 17–18. The court found that the alleged excessive force was not the actual cause of the decedent's death because "causation, rather than mere temporal proximity, is required under the survivability analysis." *Id.* at 18 (quoting *Cordero*, 2016 WL 7426575, at *30). The personal representative could therefore not bring the claims after the decedent's death, and thus the court dismissed those claims. *Id.*

Considering this precedent, Judge Vidmar concluded that *Oliveros* and *Cordero* barred Plaintiffs' § 1983 claims. *Id.* at 18–19. He reasoned that Plaintiffs' § 1983 claims arose from Defendant's alleged intentional conduct toward Mr. Contreras over several months; therefore, under New Mexico's survival statute the § 1983 claims did not survive Mr. Contreras's death. *Id.* Thus, the PF&RD recommended that Plaintiffs' § 1983 claims be dismissed. In sum, the PF&RD

5

recommended that the Court dismiss all Plaintiffs' claims, and that further amendment would be futile to cure these defects and would not result in meritorious claims. *Id.* at 19–20.

## LEGAL STANDARDS

The Court referred the case to the Judge Vidmar pursuant to 28 U.S.C. § 636(b)(1)(B). [Doc. 26]. When resolving objections to a magistrate judge's PF&RD, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")

In adopting a PF&RD, the district court need not "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that *de novo* review is required. Consequently, a brief order expressly stating the court conducted *de novo* review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) (citing *In re Griego*, 64 F.3d at 583–84). "[E]xpress references to *de novo* review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise."

*Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993). A "terse" order containing one sentence for each of the party's "substantive claims," which did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion," has been held sufficient. *Garcia*, 232 F.3d at 766. The Supreme Court has explained that "in providing for a *de novo* determination rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting 28 U.S.C. § 636(b)) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Specifically, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing whether a complaint meets this standard, the Court is to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Then, accepting only the well-pleaded factual allegations as true and viewing them in the light most favorable to the plaintiff, the court is to consider whether "they plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (unpublished) (quoting *Iqbal*, 556 U.S. at 677–78); *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where, as here, a party is proceeding pro se, the court is to liberally construe his pleadings. *Casanova*, 595 F.3d at 1125. "But the court [is] not [to] 'assume the role of advocate for the pro

se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

## ANALYSIS

### I.     Plaintiffs' NMTCA claims are time-barred.

Plaintiffs object to the recommendation to dismiss their NMTCA claims for untimeliness and reraise their fraudulent concealment argument. [Doc. 28] at 9. Plaintiffs contend that they discovered Defendant's alleged unlawful conduct from a report they received in November 2019. *Id.* at 9, 10; *see* [Doc. 27] at 11, 12. They assert that they could not have discovered it earlier because Defendant omitted information about the unlawful conduct from the same police report they received in March 2019.  [Doc. 28] at 9, 10; *see* [Doc. 27] at 13. Thus, they claim they are entitled to equitable tolling.  [Doc. 28] at 10. Plaintiffs argued this point in their Response and Judge Vidmar found it unpersuasive. [Doc. 20] at 3; *see* [Doc. 27] at 14.

The Court agrees with Judge Vidmar. After reviewing the record *de novo*, the Court finds that Plaintiffs' facts fail to show that Defendant purposefully concealed information that prevented Plaintiffs from timely filing their claims. Even if all of Plaintiffs' factual allegations were true, they would not suffice to toll the statute of limitations. Plaintiffs' fraudulent concealment evidence consists of two differing copies of the same police report from two different sources. *See* [Doc. 15] at 12, 13. Plaintiffs requested the first report from the Alamogordo Police Department and the second report from the Twelfth Judicial District Court. *Id.* at 11, 12. Plaintiffs assert this second report contains ten entries showing "the bulk of information on [Mr.] Contreras's arrest" that were missing from the first report. *Id.* at 12. This new information allegedly included Chavez's lab

8

reports on the cocaine for which Mr. Contreras was charged, arrest information for the owner of the house where the cocaine was found, and arrest information for two people who had previously committed a drive-by shooting at that same house. *Id.* Plaintiffs believe that the arrest information of these individuals somehow shows that Defendant fabricated and concealed evidence against Mr. Contreras. *Id.*

Even if this were true, facts about the homeowner's and drive-by suspects' arrests are not material to the core question of whether Defendant somehow hid the facts underlying Plaintiffs' claims such that they were unable to timely file them. In fact, by the time Plaintiffs discovered this allegedly omitted information, Plaintiffs already knew of the pertinent facts (the no probable cause finding and subsequent possession charge dismissal) underlying their false imprisonment and unlawful prosecution claims. The Court reminds Plaintiffs that they did not need to be aware of every piece of evidence prior to filing suit because their cause of action accrued regardless of whether they were aware of the full extent of their injury. *See Rico-Reyes v. New Mexico*, 503 F. Supp. 3d 1055, 1060 (D.N.M. 2020); *see also Jenkins v. Chance*, No. 17-CV-02761-STV, 2018 WL 2008855, at *5 (D. Colo. Apr. 30, 2018), *aff'd,* 762 F. App'x 450 (10th Cir. 2019).

In sum, Plaintiffs' allegations, even if true, do not meet their burden to show that Defendant wrongfully impeded them from filing the instant lawsuit or that truly extraordinary circumstances prevented them from filing it despite their diligent efforts. *See Sweesy v. Sun Life Assurance Co. of Canada (USA),* 643 F. App'x 785, 798 (10th Cir. 2016); *Jenkins*, 2018 WL 2008855, at *7. Thus, the Court adopts Judge Vidmar's recommendation that Plaintiffs' NMTCA must be dismissed for untimeliness and that any further amendment would be futile.

## II.     <u>Plaintiffs' § 1983 claims cannot be brought after Mr. Contreras's death.</u>

Plaintiffs seem to object to the recommendation to dismiss their § 1983 claims on two bases. First, Plaintiffs attempt to shorten the timeline between Defendant's alleged violations and Mr. Contreras's death to meet the causation requirement of *Oliveros* and *Cordero*. [Doc. 28] at 6–7. Second, Plaintiffs appear to reframe their claims as simple negligence to avoid the *Oliveros* and *Cordero* survivorship rule applied to intentional torts. *Id.* at 7, 8; [Doc. 29] at 1. These two theories were raised for the first time in Objections and, therefore, are waived. *Marshall*, 75 F.3d at 1426. But even if they had not been waived, the Court finds that none of these arguments would be meritorious.

### 1. Plaintiffs' new causation argument does not salvage Plaintiffs' § 1983 claims.

Plaintiffs argue that the four days between the district court continuing Mr. Contreras's trial on July 8, 2019, and Mr. Contreras's death on July 12, 2019, show that Defendant caused Mr. Contreras's death. [Doc. 28] at 6–7. Plaintiffs dispute Judge Vidmar's finding that the wrongful arrest and prosecution "took place over the course of months, thus it cannot be plausibly said that Defendant's acts in fact caused" the death. *Id.* at 5. Instead, Plaintiffs now contend that "[i]t was not the wrongful arrest and prosecution that led to the undercover operation, but rather the date of 7/9/19 . . . when the [c]ourt accepted a continuance of the grand jury trial." *Id.* Because it "[was] a matter of only 4 days, not months" between the continuance and death, Plaintiffs urge that "it is very plausible and more than enough to warrant a very strong inference for a connection between the two dates." *Id.* at 7.

The Court deems this argument waived because Plaintiffs raise it for the first time in their Objections. However, the Court will briefly address why it would substantively fail, even if it had

10

not been waived. Plaintiffs offer the precise temporal proximity argument that the court rejected in *Cordero*. *See Cordero*, 2016 WL 7426575, at *30. Plaintiffs rely on the temporal proximity of four days between the trial continuance and the death to urge the Court to make "a very strong inference" that the continuance caused the death. [Doc. 28] at 7. Even affording Plaintiffs the benefit of the doubt, four days would still not satisfy the strict requirement that the intentional conduct actually cause the death under *Oliveros* and *Cordero*.[6]

### 2. Plaintiffs' references to negligence do not salvage Plaintiffs' § 1983 claims.

Plaintiffs also appear to dispute Judge Vidmar's characterization of their claims as intentional torts and seek to reformat them as negligence.[7] *See* [Doc. 28] at 7, 8; [Doc. 29] at 1. However, simply reframing the claim in terms of negligence does not cure the fact that Plaintiffs' factual allegations sound in intentional conduct. For example, Plaintiffs state that Defendant "took affirmative action to fraudulently conceal all violations committed against Donovan Contreras" and "confidential informants [ ] conspired with [Defendant's] employees in an undercover operation that specifically targeted [Mr. Contreras] in an attempt to cover up previous wrongs and violations." [Doc. 28] at 9, 11. These statements unequivocally allege that Defendant acted intentionally against Mr. Contreras. Regardless, negligence cannot be brought as a § 1983 constitutional claim. *See Booker v. City of Albuquerque*, No. CV 02-208 WJ/RLP, 2003 WL 27385425, at *2 (D.N.M. Mar. 6, 2003) (citing *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir.

---

[6] Additionally, the Court notes that Plaintiffs attribute the trial continuance to the state district court and do no allege that Defendant played any part in the continuance. *See* [Doc. 28] at 6. Nevertheless, even if Plaintiffs were to allege that Defendant was somehow involved with the continuance, the causation problem would still defeat that claim.

[7] The Court notes that the PF&RD included a footnote explaining that a personal injury claim arising from negligence is an exception to the New Mexico survivorship statute discussed above. *See* [Doc. 27] at 16 n.11 (citing *Rodgers v. Ferguson*, 89 N.M. 688, 556 P.2d 844, 846 (Ct. App. 1976)). To the extent that Plaintiffs try to mold their claims to fit this exception to the survivorship rule, the Court notes that this is not a personal injury case arising in negligence and thus the exception does not apply.

1990)). Thus, Plaintiffs cannot save their § 1983 claims by inserting conclusory references to negligence in their Objections. The Court adopts Judge Vidmar's recommendation to dismiss Plaintiffs' § 1983 claims and finds that any further amendment would be futile.

## CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Objections [Docs. 28, 29] are **OVERRULED**, and the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 27] is **ADOPTED** upon *de novo* review.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [Doc. 17] is **GRANTED**. Further opportunity to amend would be futile. Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE** and all remaining motions are hereby **DENIED**.

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**Senior United States District Judge**